IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY BARBARIN,

    Petitioner,                      No. CIV S-04-0894 RRB KJM P

  vs.

A.K. SCRIBNER, Warden,

    Respondent.                   <u>ORDER</u>

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his Solano County conviction for murder. His initial petition raised seven grounds for relief: (1) his Sixth Amendment right to confront witnesses was violated by the admission of witness Nicole Garrett's preliminary hearing testimony and prior inconsistent statements; (2) his right to the effective assistance of counsel was violated because counsel failed to object to the use of Garrett's prior testimony for its truth; (3) his Sixth and Fourteenth Amendment rights to a fair trial were violated when the court refused the defense request to instruct on accessory after the fact; (4) the court erred in instructing the jurors they had a duty to inform the court of any juror's refusal to deliberate;

(5) the court erred in denying petitioner's Batson[1] motion; (6) petitioner was denied his right to a fair trial because one of the jurors was prejudiced against him; and (7) the evidence was insufficient to support the conviction. Petitioner noted his claim of insufficient evidence had not been raised on appeal.

On May 26, 2004, this court granted petitioner's request to stay this action while he litigated his exhaustion petition in the California courts.

On June 6, 2005, this court granted petitioner's motion to lift the stay and permitted him to file his second amended petition. The second amended petition repeats the claims made in the original petition, but contends they are exhausted.

The court directed respondent to answer the amended petition. Respondent's answer was filed on December 12, 2005.

On February 17, 2006, petitioner filed another request to stay proceedings while he exhausts two additional claims: that the evidence is insufficient to support his conviction as an aider and abettor, and that the prosecutor committed misconduct in presenting the preliminary hearing testimony of Nicole Garrett.

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005), the Supreme Court recognized the district court's authority to stay a habeas action if it finds good cause for petitioner's failure to exhaust earlier and merit to the claims petitioner is seeking to exhaust.

Petitioner has already included his claim of insufficient evidence in his second amended petition and respondent has conceded that the petition is exhausted. Answer ¶ III. His second issue is related to those already before the court, yet he has not explained why he did not attempt to exhaust this prosecutorial misconduct claim in his earlier state exhaustion petition. Accordingly, he has not shown good cause for the stay.

/////

---

[1] Batson v. Kentucky, 476 U.S. 79 (1986).

1   IT IS HEREBY ORDERED that petitioner's February 17, 2006 request for a stay
2   of the proceedings is denied.
3   DATED:   May 1, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2
barb0894.st